Benjamin Galdston, Esq. (SBN 211114)
OMNUM LAW APC
4350 Executive Drive, Suite 350
San Diego, CA 92121
Tel.: 858.539.9767
E-Mail: bgaldston@omnumlaw.com

*Counsel for Plaintiffs and the Proposed FLSA Collective*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA GREIST and SUSAN SCHELL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LENDUS, LLC and CROSSCOUNTRY MORTGAGE, LLC,<br><br>Defendants. | **Case No. 24-cv-02411**<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>CLAIMS FOR DAMAGES:<br><br>(1) Failure to Pay Overtime Wages, Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Barbara Greist and Susan Schell ("Plaintiffs"), on behalf of themselves and all those similarly situated, complain and allege on personal knowledge as to themselves and on information and belief as to all other matters as follows against Defendants LendUS, LLC ("LendUS") and CrossCountry Mortgage, LLC ("CrossCountry") (collectively, "Defendants"):

## INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act ("FLSA") to remedy Defendant LendUS's violations of federal law, which have deprived Plaintiffs and other similarly situated employees of earned overtime compensation.

2. At all times relevant herein, Defendant LendUS was a mortgage lender based in Alamo, California that employed Loan Assistants (also known as a Loan Advisor Assistant) and Loan Processors at LendUS offices located throughout the United States.

3. Among their various job duties, Loan Assistants and Loan Processors gather loan documents from loan applicants and prepare loan files for underwriting.

4. Loan Assistants and Loan Processors were paid by LendUS on an hourly basis.

5. Because Loan Assistants and Loan Processors were paid on an hourly basis, and by virtue of their job duties, they were "non-exempt" under the FLSA and were entitled to overtime compensation at the rate of one-and-one-half times their regular rate of pay for all time worked over forty (40) hours in an individual work week.

6. LendUs failed to pay Plaintiffs and the other similarly situated hourly-paid Loan Assistants and Loan Processors for all time worked, including overtime hours, in violation of the FLSA. Specifically, LendUS had a common, uniform, and widespread policy and practice that discouraged Loan Assistants and Loan Processors from reporting overtime hours; that is, any hours over 40 in an individual work week.

7. Pursuant to this policy and practice, LendUS advised Loan Assistants and Loan Processors that they could be subject to adverse employment action, including

termination, if they reported more than 40 hours in an individual work week.

8. LendUS instituted and continued this policy and practice notwithstanding the fact that it assigned work to Loan Assistants and Loan Processors that could not reasonably be completed in a 40-hour work week, such that Loan Assistants and Loan Processors regularly worked more than 40 hours in a work week off-the-clock, without compensation for their overtime hours worked and appropriate overtime rate of pay.

9. Upon information and belief, LendUS instituted and maintained its policy and practice of discouraging Loan Assistants and Loan Processors from reporting all of their overtime work and failing to properly pay Loan Assistants and Loan Processors for all overtime hours worked at a lawfully compliant overtime rate of pay, to save on labor costs.

10. LendUS's willful, knowing, and/or reckless policy of intentionally requiring Plaintiffs and similarly situated Loan Assistants and Loan Processors to underreport the number of hours actually worked deprived Plaintiffs and similarly situated Loan Assistants and Loan Processors of overtime compensation.

11. Based upon LendUS's FLSA violations, Plaintiffs bring this collective action on behalf of all Loan Assistants and Loan Processors, however variously titled, employed by LendUs at any time during the three years preceding the filing of this lawsuit who did not receive compensation for all of their overtime hours worked (the "FLSA Collective").

## JURISDICTION AND VENUE

12. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and section 16(b) of the FLSA, 29 U.S.C. § 216(b).

13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

14. The United States District Court for the Northern District of California has personal jurisdiction over Defendant LendUS because, at all relevant times herein,

Defendant LendUS maintained its headquarters in this District, did business in California and in this District, and many of the acts complained of and giving rise to the claims alleged occurred in and emanated from this District.

15. The United States District Court for the Northern District of California has personal jurisdiction over Defendant CrossCountry because, upon information and belief, Defendant CrossCountry is successor-in-interest to LendUS, CrossCountry is registered to do business in California, and did and does conduct business in California and in this District.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## INTRADISTRICT ASSIGNMENT

17. Assignment of this case to the Oakland Division is proper because a substantial part of the events or omissions giving rise to this action occurred in Contra Costa County. Civil L.R. 3-2(d).

## THE PARTIES

**Plaintiffs**

*Plaintiff Barbara Greist*

18. Plaintiff Barbara Greist is an adult resident of West Grove, Pennsylvania. Greist was employed by Defendant LendUs as a Loan Processor and/or Loan Assistant in Garnet Valley and New Holland, Pennsylvania from approximately August 2017 to approximately January 2022. Greist consents to sue for violations of the FLSA, pursuant to 29 U.S.C. §§ 216(b). A copy of Greist's signed consent to join form is attached hereto as Exhibit A.

*Plaintiff Susan Schell*

19. Plaintiff Susan Schell is an adult resident of Lebanon, Ohio. Schell was employed by Defendant LendUs as a Loan Processor and/or Loan Assistant in Shelby, Ohio from approximately January 2019 to through the acquisition of LendUs by

1. CrossCountry in approximately April 2022. Schell consents to sue for violations of the FLSA, pursuant to 29 U.S.C. §§ 216(b). A copy of Schell's signed consent to join form is attached hereto as Exhibit B.

**Defendants**

20. Defendant LendUs is a limited liability company based in Alamo, California.

21. Defendant CrossCountry is a limited liability company based in Ohio.

22. In approximately April 2022, Defendant CrossCountry acquired LendUS. The acquisition created a combined company with more than 600 branches and over 8,000 employees nationwide. *See* https://www.crainscleveland.com/real-estate/crosscountry-mortgage-acquiring-california-lender-lendus (last visited April 22, 2024).

23. Defendant LendUS employs non-exempt, hourly-paid Loan Assistants and Loan Processors throughout the United States.

24. Defendant LendUS was and is the employer of Plaintiffs and the similarly situated Loan Assistants and Loan Processors within the meaning of the FLSA.

25. Defendant CrossCountry is successor-in-interest to Defendant LendUs and is jointly and severally liable for LendUS's violations of the FLSA alleged herein.

## COMMON FACTUAL ALLEGATIONS

26. Defendant LendUS requires its Loan Assistants and Loan Processors to record the start and end time of their scheduled shifts. However, LendUS discourages Loan Assistants and Loan Processors from reporting overtime, thereby requiring them to complete any unfinished work off-the-clock before and after their shifts, and/or during uncompensated meal breaks.

27. Upon information and belief, LendUS instructed Plaintiffs and the similarly situated Loan Assistants and Loan Processors to clock in at the beginning and out at the end of their scheduled shift, in order to avoid any additional labor costs, regardless of the time they actually worked.

28. LendUS discouraged Plaintiffs and the similarly situated Loan Assistants

and Loan Processors from reporting overtime, including time worked before and after their scheduled shifts and during unpaid meal breaks.

29. LendUS knew that Plaintiffs and the similarly situated Loan Assistants and Loan Processors worked off-the-clock to complete their assigned tasks. Nonetheless, LendUS required Plaintiffs and the similarly situated Loan Assistants and Loan Processors to complete their assigned work, without pay, and otherwise failed to pay Plaintiffs, Loan Assistants and Loan Processors at an appropriate overtime rate for all hours worked over 40 per week.

30. LendUS maintained a common, uniform, and widespread policy and practice of paying Plaintiffs and the FLSA Collective without regard to the actual number of hours worked, including overtime hours worked, and otherwise failing to pay them an appropriate overtime rate for all hours worked over 40 per week.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiffs bring the First Cause of Action, the FLSA claim, on behalf of themselves and the FLSA Collective.

32. LendUS is liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective for all of their overtime hours worked.

33. As successor-in-interest to LendUS, CrossCountry is jointly and severally liable for LendUS's failure to properly compensate Plaintiffs and the FLSA Collective for all of their overtime hours worked.

34. Consistent with LendUS's policies and practices, Plaintiffs and FLSA Collective were not paid premium overtime compensation for all of the hours they worked in excess of forty (40) in an individual work week.

35. All of the work that Plaintiffs and the FLSA Collective performed was assigned by LendUS and/or LendUS was aware of all of the unpaid work that Plaintiffs and the FLSA Collective performed.

36. As part of its regular business practices, LendUS intentionally, willfully, and

repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and practice included, but is not limited to:

    a. Willfully failing to pay Loan Assistants and Loan Processors, including Plaintiffs and the FLSA Collective, for all hours worked including premium overtime wages for all hours worked in excess of forty (40) hours per work week; and

    b. Willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, worked for LendUS's benefit.

37. The off-the-clock work performed by Plaintiffs and the FLSA Collective is an essential part of their jobs and these activities, and the time associated with these activities is not de minimis.

38. LendUS is aware or should have been aware that federal law required them to pay Plaintiffs and the FLSA Collective overtime premiums for all hours worked in excess of forty (40) per work week.

39. LendUS failed to properly maintain timekeeping and payroll records pertaining to the FLSA Collective under the FLSA, 29 U.S.C. § 211(c).

40. LendUS's unlawful conduct was widespread, repeated, and consistent.

41. A collective action under the FLSA is appropriate because the Loan Assistants and Loan Processors who comprise the FLSA Collective are similarly situated to Plaintiffs within the meaning of 29 U.S.C. § 216(b). The Loan Assistants and Loan Processors on behalf of whom Plaintiffs bring this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d) their claims are based upon the same factual and legal theories.

42. There are numerous similarly situated current and former Loan Assistants and Loan Processors who were underpaid in violation of the FLSA who would benefit

from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

43. Those similarly situated Loan Assistants and Loan Processors are known to Defendants, are readily identifiable, and can be located through Defendants' records.

44. Plaintiff estimates that the FLSA Collective, including both current and former Loan Assistants and Loan Processors over the relevant period, includes hundreds of Loan Assistants and Loan Processors. The precise number of FLSA Collective members should be readily available from a review of Defendants' personnel and payroll records.

45. Defendants are jointly and severally liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and Collective Members. There are many similarly situated Loan Assistants and Loan Processors who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice regarding the present lawsuit and the opportunity to join it. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records, such that notice should be sent to them pursuant to 29 U.S.C. § 216(b).

**FIRST CAUSE OF ACTION**
Failure to Provide Overtime Wages
Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*;

46. Plaintiffs re-allege each paragraph of this Complaint as though fully set forth herein.

47. At all relevant times, Defendant LendUS was the "employer" of Plaintiffs and the FLSA Collective, within the meaning of the FLSA, 29 U.S.C. § 203(d).

48. At all relevant times, Plaintiffs and the FLSA Collective were Defendant LendUS's "employees" as defined by the FLSA. 29 U.S.C. § 203(e)(1).

49. Defendant CrossCountry is successor-in-interest to Defendant LendUs and is jointly and severally liable for LendUS's violations of the FLSA alleged herein

50. Plaintiffs and the FLSA Collective are all non-exempt, hourly-paid employees entitled to overtime compensation.

51. Plaintiffs and the FLSA Collective were either: (i) engaged in commerce; or (ii) engaged in the production of goods for commerce; or (iii) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

52. At all times relevant to this action, Defendant LendUS "suffered or permitted" Plaintiffs and the FLSA Collective to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

53. At all times relevant to this action, Defendant LendUS required Plaintiffs and the FLSA Collective to perform off-the-clock work, but failed to pay the federally mandated overtime compensation for this work.

54. In work weeks where Plaintiff sand other FLSA Collective members worked forty (40) hours or more, the uncompensated off-the-clock work time, and all other overtime should have been paid at the federally mandated rate of 1.5 times each employee's regularly hourly wage. 29 U.S.C. § 207.

55. Defendant LendUS's violations of the FLSA were knowing and willful. Given that Plaintiffs and the FLSA Collective utilized LendUS's timekeeping system to clock in and out, Defendant LendUS could have accounted for and properly compensated Plaintiffs and the FLSA Collective for the work they performed off-the-clock, but failed to do so.

56. Defendants are jointly and severally liable for damages stemming from these violations.

57. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, each employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all similarly situated persons, pray for relief as follows:

A. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

B. Designating the Plaintiffs as Representatives of the FLSA Collective, and designating Plaintiffs' counsel of record as Class Counsel;

C. Declaring that Defendants unlawfully and willfully violated the Fair Labor Standards Act;

D. Granting judgment in favor of Plaintiffs and against Defendants and awarding damages, including liquidated damages, to be paid by Defendants according to proof for Plaintiff and the Collective;

E. Awarding pre- and post-judgment interest;

F. Awarding reasonable attorneys' fees, expenses, and costs as provided by the FLSA;

G. Awarding reasonable incentive awards to Plaintiffs; and

H. Such other injunctive and equitable relief as the Court may deem just and proper.

Dated: April 23, 2024

OMNUM LAW APC

By: /s/ Benjamin Galdston
Benjamin Galdston, Esq.

4350 Executive Drive, Suite 350
San Diego, CA 92121
Tel: 858-539-9767
Email: bgaldston@omnumlaw.com

*Attorneys for Plaintiffs and the Proposed Collective*

# DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and the Collective, hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: April 23, 2024                OMNUM LAW APC

By: _____
Benjamin Galdston, Esq.

4350 Executive Drive, Suite 350
San Diego, CA 92121
Tel: 858-539-9767
Email: bgaldston@omnumlaw.com

*Attorneys for Plaintiffs and the Proposed Collective*

*Greist, et al. v. LendUS, LLC & CrossCountry Mortgage, LLC*

Collective Action Complaint: Consent of Plaintiff Barbara Greist

# EXHIBIT A

## CONSENT TO JOIN FORM

1.  I consent to be a party plaintiff in a lawsuit against Defendant(s), Lend US and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.  I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.  I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

*Barbara Greist*
Signature

BARBARA GREIST
Print Name

*Greist, et al. v. LendUS, LLC & CrossCountry Mortgage, LLC*

Collective Action Complaint: Consent of Plaintiff Susan Schell

# EXHIBIT B

**CONSENT TO JOIN FORM**

  1.  I consent to be a party plaintiff in a lawsuit against Defendant(s), Lend US and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

  2.  I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

  3.  I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

*Susan Schell*
_____
Signature

Susan Schell
_____
Print Name