UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA GREIST, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>LENDUS, LLC, et al.,<br><br>   Defendants. | Case No. 24-cv-02411-AMO<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 22 |

  Plaintiffs Barbara Griest, Susan Schell, and Melanie Green bring this proposed collective and class action against LendUS LLC and CrossCountry Mortgage, LLC. ECF 19 ("Am. Compl.") ¶¶ 21-29. In their amended complaint, Plaintiffs assert eleven claims for relief under the Fair Labor Standards Act and California law. *Id.* ¶¶ 76-136. CrossCountry moves to dismiss the operative complaint with prejudice. ECF 22 ("Mot."). It contends that Plaintiffs have not adequately alleged that CrossCountry can be held liable for LendUS's wage and hour law violations as a successor-in-interest. *Id.* at 3-6.

  A successor-in-interest may be liable for its predecessor's labor law violations depending on whether "1) the subsequent employer was a bona fide successor[,] . . . 2) the subsequent employer had notice of the potential liability," and 3) "the extent to which the predecessor is able to provide adequate relief directly." *Steinbach v. Hubbard*, 51 F.3d 843, 845-46 (9th Cir. 1995) (citations omitted). The successorship doctrine's roots "lie in equity," and "consequently, 'fairness is a prime consideration in [its] application.' " *Steinbach*, 51 F.3d at 846 (quoting *Criswell v. Delta Air Lines, Inc.*, 868 F.2d 1093, 1094 (9th Cir. 1989)). Thus, "courts have recognized that extending liability to successors will sometimes be necessary in order to vindicate important statutory policies favoring employee protection." *Id.* at 845. Indeed, "[w]here

employee protections are concerned, 'judicial importation of the concept of successor liability is essential to avoid undercutting Congressional purpose by parsimony in provision of effective remedies.' " *Id.* (quoting *Wheeler v. Snyder Buick, Inc.*, 794 F.2d 1228, 1237 (7th Cir. 1986)).

CrossCountry argues that Plaintiffs have failed to plausibly allege facts supporting the application of the successorship doctrine. Mot. at 4. Specifically, CrossCountry argues Plaintiffs' allegations as to the second factor are wholly conclusory and speculative and that they allege no facts at all with respect to the third factor.[1] *Id.* CrossCountry's arguments are not persuasive.

As to the second factor, the allegations in the operative complaint plausibly establish that CrossCountry had notice of the wage and hour violations that are the subject of this suit while it was (or should have been) conducting due diligence in connection with its acquisition of LendUS. Plaintiffs allege that at the time of the acquisition, LendUS was a " 'thriving' company not in financial distress[,]" that "[t]he acquisition created a combined company with more than 600 branches and over 8,000 employees nationwide[,]" and that following the acquisition, "CrossCountry continued to offer the same mortgage lending services through LendUS and maintained LendUS's operations without interruption or significant change to LendUS's business, employees, locations, facilities, equipment, and marketplace activities." Am. Compl. ¶¶ 30, 35. Plaintiffs further allege, on information and belief, that:

> CrossCountry had notice of LendUS's potential liability for employment-related legal claims, including the unpaid overtime claims alleged herein, as this would or should have been part of its due diligence process conducted prior to the merger and acquisition, and a comparison of time records to available electronic data would readily reveal significant amounts of off the-clock unpaid overtime.

*Id.* ¶ 42.

The Court does not find these allegations conclusory or speculative given the alleged scope of the merger. It is plausible that as part of its acquisition of a "thriving" company CrossCountry would have or should have reviewed records as part of its due diligence, which would have given

---

[1] In reply, CrossCountry attempts to challenge the first factor, but in failing to raise that the challenge in its opening brief, it has waived any argument on that point. *See United States v. Rozet*, 183 F.R.D. 662, 667 (N.D. Cal. 1998) ("Legal issues raised for the first time in reply briefs are waived.").

2

it a picture of LendUS's operations, including any liabilities possibly stemming from the manner in which those operations were conducted. At the pleading stage, this is sufficient to plausibly allege Cross Country had notice. *See Steinbach*, 51 F.3d at 847 (explaining that the purpose of the "notice requirement is to ensure fairness by guaranteeing that a successor had an opportunity to protect against liability by negotiating a lower price or indemnity clause" but that it is "not intend[ed] to shield companies who were merely lacking in foresight.").

In advocating for a different conclusion, CrossCountry relies on *Xue Ming Wang v. Abumi Sushi Inc.*, 262 F. Supp. 3d 81 (S.D.N.Y. 2017). Its reliance on that case is misplaced. There, the court resolved the successor-in-interest question against the plaintiff at the summary judgment stage, rejecting the plaintiff's contention that the Court should "impose a duty on purchasers to engage in due diligence without respect to the size of the transaction and even in the absence of any red flags in order to avoid being burdened with a predecessor's FLSA liabilities." *Id.* at 92, 93. CrossCountry is free to seek a similar ruling at the summary judgment stage. But for purposes of the instant motion to dismiss, the well-pleaded allegations in Plaintiffs' operative complaint must be taken as true and viewed in the light most favorable to them. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). So construed, they are sufficient to plausibly establish that CrossCountry was or should have been on notice of the violations alleged in the complaint. *See Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 752 (7th Cir. 1985) (declining to find that successor had notice of a lawsuit filed the same day as the sale of the predecessor's assets where the successor conducted due diligence and nonetheless failed to discover the suit, but stating that "[n]ormally, the burden would be on the successor to find out from the predecessor all outstanding potential and actual liabilities.").

As for the third factor – the extent to which the LendUS is able to provide adequate relief directly – Plaintiffs plausibly allege that CrossCountry acquired LendUS's assets and has been wholly subsumed by or " 'rolled over' into" CrossCountry. *See, e.g.*, Am. Compl. ¶¶ 30-32. Given "the successorship doctrine's policies and at this early stage in the case, this is sufficient to allege [CrossCountry] may be liable as [LendUS's] successor-in-interest . . . ." *See Lowenthal v. Quicklegal, Inc.*, No. 16-CV-03237-LB, 2016 WL 5462499, at *8 (N.D. Cal. Sept. 28, 2016)

3

(finding allegations of successor liability plausible where the plaintiff quoted from emails stating that the predecessor's bank accounts were frozen and that the plaintiff's 7% stake in the company had very little value).

For the reasons set forth above, CrossCountry's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 25, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**