United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA GREIST, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LENDUS, LLC, et al.,<br><br>    Defendants. | Case No. 24-cv-02411-AMO<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND STRIKING UNTIMELY ANSWER**<br><br>Re: Dkt. Nos. 101, 109 |

Before the Court is Defendant CrossCountry Mortgage LLC's Motion for Leave to File a Motion for Reconsideration of the Court's Order Denying CrossCountry's Motion to Set Aside Default. Motion ("Mot."), Dkt. No. 101. Plaintiffs oppose the motion. Dkt. No. 107.

Civil Local Rule 7-9 governs CrossCountry's motion for leave. It provides that the moving party must demonstrate reasonable diligence in bringing its motion and establish one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

CrossCountry contends that it satisfies subsection (3) because "there was a manifest failure

by the Court to consider the material facts set forth below regarding (1) Counsel's dereliction of duty to CCM, which CCM was not only completely unaware of, but had no involvement in; and (2) the prior orders showing the law of the case with regard to the tolling agreement at issue." Mot. at 5. Each ground fails.

With respect to counsel's dereliction of duty to CrossCountry, the declarations filed in connection with the motion for leave, Dkt. Nos. 101-1, 101-2, set forth facts that were known, but not put forward, at the time CrossCountry moved to set aside the default. These facts thus do not provide a basis to allow a motion for reconsideration, as reconsideration is not the proper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations and citation omitted).

With respect to CrossCountry's contention that the Court disregarded "the prior orders showing the law of the case with regard to the tolling agreement at issue[,]" CrossCountry has not cited any authority in which a Court has applied the doctrine in the manner CrossCountry suggests here. *See* Mot. at 6-8. The law of the case doctrine thus fails to justify granting leave to file a motion for reconsideration.

For the reasons stated above, CrossCountry's motion for leave to file a motion for reconsideration is **DENIED**. In light of the Court's ruling of CrossCountry's motion for leave and because CrossCountry remains in default, the Court will take no action on the status report CrossCountry filed on December 10, 2025. The answer it filed on December 10, 2025, Dkt. No. 109, which was overdue as of March 28, 2025, *see* Dkt. No. 56, is **STRICKEN**.

**IT IS SO ORDERED.**

Dated: December 11, 2025

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**

2